UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| NATALIE LEBEDA, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| FRONTIER LEGAL GROUP; and DOE 1-5 | ) |
| Defendants. | ) |

**Complaint**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. § 1331. This District is of proper venue as the plaintiff is a resident within this District and Defendants engaged in the actions alleged herein while Plaintiff so resided.

**PARTIES**

3. Plaintiff, NATALIE LEBEDA (hereinafter "Ms. Lebeda" or "Plaintiff") is a natural person residing in Cresthill, Illinois. Defendant, FRONTIER LEGAL GROUP (hereinafter "Defendant"), is an entity or fictitious business name of unknown origin believed to maintain its principal place of business at 1601-1 N Main St. # 3159 in Jacksonville, Florida. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5,

5

and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed. One or more of the DOE defendants consist of the individual owners/operators of FRONTIER LEGAL GROUP or whatever the true legal name of said individuals' debt collection enterprise is. Said individuals are debt collectors, and responsible for the polices, procedures, and actions of the debt collection operation, including those giving rise to Plaintiff's causes of action as set forth herein.

4. FRONTIER LEGAL GROUP and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

5. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

6. On or about February 9, 2024, Defendants began attempting to collect a consumer debt allegedly owed by Ms. Lebeda.

7. On or about February 9, 2024, Defendants mailed Ms. Lebeda a letter entitled "Pending Out of Court Settlement" in an attempt to collect the consumer debt allegedly owed by Ms. Lebeda. The letter is attached as Exhibit A[1] and incorporated hereto by reference.

8. Defendants' letter was the first and only direct communication between Defendants and Ms. Lebeda.

---

1 Plaintiff's address has been partially redacted for privacy.

2

9. Based on information and belief, Defendants' letter attached as Exhibit A contained the following misrepresentations: 1.) Defendants' misrepresented that they had recently notified Ms. Lebeda that they were reviewing her case for immediate legal action and had advised that her account was flagged for possible intent to commit fraud"; 2.) Defendants' misrepresented "Additional activity: NSF FRAUD" where no such fraud existed; and 3.) Defendants' letter misrepresented that "Legal action may be imminent..." where Defendants' had neither the intent nor the means to bring legal action against Ms. Lebeda.

10. Based on information and belief, Defendants regularly operate as third party debt collectors, without any other business purpose besides debt collection.

11. Ms. Lebeda, concerned and harassed by Defendants' letter in which Defendants failed to meaningfully identify themselves and engaged in the aforementioned misrepresentations, retained counsel with Centennial Law Offices.

12. On November 13, 2024, staff from Centennial Law Offices attempted to contact Defendants at the telephone number printed on Defendants' letter, but the number is no longer in service.

13. Defendants failed to provide Ms. Lebeda with the requisite debt validation information pursuant to 15 U.S.C. 1692g(a) within 5-days of their initial communication with Ms. Lebeda on or about February 9, 2024.

14. At various times, including in December 2024, staff from Centennial Law Offices checked state and federal courts in the area and found no case against Ms. Lebeda filed by Defendants.

15. As a direct result of the collection activity herein alleged, legal fees have been incurred in the amount of $3,155.00.

5

## CAUSES OF ACTION

### COUNT I

16. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in their communication with Plaintiff, specifically that the communication was from a debt collector.

### COUNT II

17. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e(11) by engaging in a communication with Plaintiff in which Defendants failed to disclose that the communication was from a debt collector.

### COUNT III

18. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692g(a) by failing to provide Plaintiff with the debt validation information contemplated by 15 U.S.C. 1692g(a) within 5-days of their initial communication with Plaintiff.

### COUNT IV

19. Plaintiff re-alleges paragraphs 1 through 15, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692e, particularly 1692e(5), 1692e(10), and 1692e(14) as follows: 1.) Defendants' misrepresented that they had recently notified Ms. Lebeda that they were reviewing her case for immediate legal action and had advised that her account was flagged for possible intent to commit fraud"; 2.) Defendants' misrepresented "Additional activity: NSF FRAUD" where no such fraud existed; and 3.) Defendants' letter misrepresented that "Legal action may be imminent..." where Defendants' had neither the intent nor the means to bring legal action against Ms. Lebeda.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $3,155.00 for legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: January 6, 2025

<u>/s/ Robert Amador</u>
ROBERT AMADOR, ESQ.
Attorney for Plaintiff NATALIE LEBEDA
Centennial Law Offices
155 South First St. #2121
Orcutt, CA 93457
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com
